HILLIARD J. FINCH, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

When a person is indicted for murder or other capital offense, he is entitled, upon *habeas corpus*, to produce such evidence as may operate to convince the court that the offense is of such grade, or that there are such strong doubts in the case that a jury should not, upon the case as presented, convict of a capital offense for the purpose of being discharged on bail.

*Patterson* and *Pope*, and *John F. White* for Plaintiff in Error.

*Mr. Attorney-General W. A. Cocke* for the State.

RANDALL, C. J., delivered the opinion of the court.

It was intimated, after the close of the argument, that we should undoubtedly affirm the judgment of the Circuit Court, refusing to let the petitioner to bail for reasons then orally stated. It was also intimated that no case had been cited by counsel in which the court had, after indictment for murder in the first decree, under a statute like that of Florida in regard to that crime, admitted to bail. Counsel for petitioner has, since then, referred us to several cases in which persons indicted for murder have been admitted to bail either upon inspection of the testimony taken before the committing magistrates, or of the testimony before the grand jury, (which, in some States, is preserved and filed,) or upon testimony taken upon notice to the prosecutor and the prosecuting attorney. We have also given attention to the sub-

ject by consulting such authorities as were at hand, within the brief time at our disposal, and the conclusion at which we arrive is, that the petitioner is entitled, upon habeas corpus, where he is indicted for murder or other capital offense, to produce such evidence as may operate to convince the court that he is guilty, if at all, of an offense of such grade that he is entitled to be discharged on bail, or that there are such strong doubts that, upon the case as presented, a jury should not convict of the capital offense.

Judge Tallmadge, of New York, in a very able review of the opinion of the court in McLeod's case, published in the appendix to 26 Wend., page 697, says in concluding: "The true rule upon the subject of bail or discharge, after indictment for murder, undoubtedly is, for the judge to refuse to bail or discharge upon any affidavits or proof that is *susceptible of being controverted on the other side*. When, however, the prisoner's evidence is of that positive and certain character that it cannot be '*gainsaid*,' then the prisoner is entitled to be bailed or discharged, as in the case where the man supposed to be murdered is living; where the prisoner has been tried and acquitted of the same offense; or where the supposed murder was a homicide committed in a war between two nations."

This review was strongly endorsed and its conclusions commended by Chancellor Kent, Chief Justice Spencer, Roger M. Sherman, Simon Greenleaf and other eminent jurists and writers as "entirely conclusive upon every point."

We have therefore examined the testimony and proceedings brought up by the writ of error, and upon consideration of the evidence before the Circuit Judge, we are not disposed to reverse his judgment. Nor do we think our conclusion would have been different had the Circuit Judge ruled otherwise in the several matters embraced in the exceptions. As to the question raised upon the fact stated in the rec-

ord that the indictment was found by a grand jury composed of fourteen jurors, while it is insisted that the law requires that there should have been at least sixteen jurors, we will not consider it in the present case. Such question may be tried on plea in abatement, or motion to quash, according to practice at *nisi prius*. The indictment was found in a court of competent jurisdiction, and any error in its proceedings may be corrected by the writ of error.

The judgment is affirmed.