WILLIAM P. RIGDON, WILLIAM D. RIGDON AND GEORGE W. RIGDON, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In an application for bail under an indictment for a capital offence, it devolves upon the accused to take the initiative and show from the testimony in the case, including that of the State, that the proof is not evident nor the presumption great.

2. When names of witnesses are placed upon an indictment the presumption is that all of the witnesses for the State are there given, and the applicant for bail need produce no other witnesses on behalf of the State. In case no witnesses are placed upon the indictment, and the State Attorney furnishes to the accused a list of the witnesses relied on by the State in due time to secure their presence, he should produce their testimony as that of the State; and as to all the testimony produced as that of the State, the right of cross-examination exists in favor of the accused, and he is not to be prejudiced thereby on the trial before the jury.

Writ of error to the Circuit Court for Baker county.

The facts in the case are stated in the opinion of the court.

*Alex. St. Clair-Abrams*, for Plaintiffs in Error.

*The Attorney General*, for Defendant in Error.

Per CURIAM:

Writ of error from decision of the Circuit Court on an application for bail.

Plaintiffs in error were indicted by a grand jury in Baker county for the murder of George P. Canova and were taken into custody by the sheriff of that county. They applied to the Circuit Judge of the Fourth Judicial Circuit for a writ of *habeas corpus* to have the cause of their detention inquired into, and that they be discharged from custody or admitted to bail. The sworn application for the writ states that plaintiffs in error were detained in custody in the county jail of Baker county under a charge of murder, and had been refused bail without lawful authority; that they were innocent of the charge brought against them, and the proof against them was neither evident nor was the presumption great. The writ issued and notice of the hearing was given to the State Attorney.

Upon the production of the accused by the sheriff, with a return, they proceeded to introduce evidence before the judge. The indictment was first read in evidence. It charged the accused with murder in the first degree in the premeditated killing of George P. Canova on the 5th day of June, 1898, in Baker county, and had no witnesses endorsed on it. It appears that after the writ issued the State Attorney delivered to the attorney for the accused a list of witnesses the State relied on in the case. The testimony introduced shows that the deceased was shot and killed at his house in Baker county on a Sunday night in June, 1898, but on what Sunday night, or the exact time of the night, when the killing was done, is not definitely shown.

The accused testified in their own behalf, and their testimony, in connection with other which they intro-

duced, tended to establish for them an *alibi* during the night that Canova was killed. This testimony did not disclose any circumstances connected with the killing of the deceased, but was confined solely to an endeavor to establish an *alibi*. Upon the announcement of counsel for the accused that they rested their case, the State Attorney informed the court that the State had no evidence to introduce and the State's witnesses were present in court. Thereupon the accused moved for bail on the ground that the proof of the charge against them was not evident, nor was the presumption great. In refusing the motion, and in remanding the accused to the custody of the sheriff, the court made the following statement, *viz*: "I hold that you should show this court that the proof is not evident or the presumption great, and I can not pass on the question until all the evidence is before me. The defendants must produce all the testimony, including the testimony of the State, and must show that they are entitled to bail. I do not say the testimony on which the indictment was found, but the defendants must show all the testimony in the case. My view is that the defendants should produce all the testimony in the case in order that the court may see if the proof is evident, or the presumption great, and that they having only produced what I suppose is a portion of the testimony (their defence), the court remands the petitioners to the custody of the sheriff; in other words, refuses bail."

A question presented and argued under the ruling of the court is, whether or not it is incumbent on an accused under an indictment for a capital offence to produce all the evidence in the case, including that of the State, in order that the court may determine the question of bail. The point of practice raised has not been directly passed on by this court. It was decided

in Alabama (*Ex parte* Hammock, 78 Ala. 414,) that on application for bail by a person in custody under an indictment for murder, the production of the indictment makes out a *prima facie* case against him and casts upon him the burden of adducing exculpatory evidence; but he is not required to introduce the witnesses for the State, although they be present in court; and if the evidence adduced by him, none being offered by the State, is such as to entitle him to bail, it should be granted. The decision by LEONARD, C. J., in *Ex parte* Finlen, 20 Nev. 141, 18 Pac. Rep. 827, strongly supports the view that it devolves upon the accused, under an indictment for a capital offence, to produce all the evidence in the case, including that of the State, on application for bail. The accused in that case had been indicted for murder in the first degree, and his petition for bail contained allegations which, if true, showed the offence to be manslaughter. He produced all the testimony of the State in connection with that proposed by himself, and it was held that he could show the truth of the allegations in his petition by witnesses who testified before the grand jury, and by other witnesses, but the evidence to entitle him to bail must establish all the exculpatory facts without material conflict.

In Indiana it was held that the accused, under an indictment for a capital offence, must produce all the evidence, including that of the State. *Ex parte* Heffren, 27 Ind. 87. In that case the accused was required to produce the evidence upon which the State intended to rely for a conviction, and complaint was made of such ruling. The court held that the burden was upon the accused to show that the proof of his guilt was not evident, or the presumption great, and that in order to show this he must produce the evidence upon which the State intended to rely. The objection that the accused

should not be required to produce the State's witnesses because he would then not be permitted to cross-examine, or contradict them, was met by holding that such right was not lost to him on such application. The cases cited are the only ones found bearing directly on the point. An accurate conception of the true issue on such applications will aid in reaching a proper decision.

At common law, bail, it appears, in all felonies was a matter of discretion in the court of King's bench. The return of the officer holding the person in custody was conclusive of the facts stated in the return. Before indictment found an inquiry was had based upon certain written testimony taken on preliminary examinations, but after an indictment for a capital offence the accused was presumed guilty for all purposes, except that of a trial before a petit jury, and this presumption was so strong as to preclude the party to bail unless in very exceptional cases. The usual practice was to deny bail after a grand jury had returned an indictment for a capital offence, and this practice was based upon the consideration that the testimony before the grand jury was not preserved, and never permitted to be divulged.

The ninth section of our Bill of Rights provides that "all persons shall be bailable by sufficient sureties, except for capital offences, where the proof is evident or the presumption great." The legislature has enacted laws in reference to the writ of *habeas corpus* (sections 1771-1780, Rev. Stats.), in terms applicable to persons charged with criminal offences. The return of the officer is not conclusive, and the objection as to the testimoney before the grand jury is removed as the court, or judge, is given authority to summon witnesses and inquire into the cause of the imprisonment. Some courts have held that under provisions like that in our Bill of Rights an indictment for a capital offence is con-

clusive, and no inquiry can be had as to the character of proof under it. State *ex rel.* v. Brewster, 35 La. Ann. 605; Hight v. United States, Morris (Iowa), 407, S. C. 43 Am. Dec. 111. On the other hand, the Texas court, it seems, has gone to the other extreme. In *Ex parte* Smith, 23 Texas Ct. App. 100, 5 S. W. Rep. 99, Judge HURT, in a dissenting opinion, took the position that the true issue in such cases is whether or not the proof is evident that the accused is guilty of a capital offence, of which issue the State has the affirmative and burden of proof. That court appears to have adopted Judge HURT's views in *Ex parte* Newman, 41 S. W. Rep. 628. The great weight of authority is in favor of the view that an indictment for a capital offence is strong *prima facie* showing that the accused is rightly held in custody, and not entitled to bail. That the indictment is not conclusive, has been decided and fully recognized by this court. Finch v. State, 15 Fla. 633; Holley v. State, *Ibid.* 688; Benjamin v. State, 25 Fla. 675, 6 South. Rep. 433; Thrasher v. State, 26 Fla. 526, 7 South. Rep. 847. It is also evident that under our decisions the burden of proof is on the accused on an application for bail. The head-note in the Holley case is that "a party indicted for murder is entitled, upon proper application, to a writ of *habeas corpus* for the purpose of showing such facts as may satisfy the court that the proof is not strong, or the presumption is not great, that he is guilty of a capital offence, and that he is entitled to be discharged on bail. The indictment charging a capital offence is not conclusive upon such application, under the statute, as to the character of the testimony."

Under our constitution all persons are bailable by sufficient sureties as matter of absolute right, except for capital offences, where the proof is evident or the presumption great, and as to such offences the indict-

ment is regarded as affording a strong showing, on an application for bail, that the accused is guilty of the highest crime charged, and the burden is upon him of showing that the proof in the case is not evident nor the presumption great. *In re.* Losasso *et al.*, 15 Col. 163, 24 Pac. Rep. 1080. It being clear from the weight of authority that the burden is upon the accused, under a capital charge, to show that the proof is not evident, nor the presumption great, a pertinent inquiry is, what proof is it that he must show is not evident, or what presumption is it that must appear not to be great? The section in the Bill of Rights does not declare what proof it is, and in its application consideration must be had to the nature of the inquiry before the judge, and the character of the proceedings.

After indictment found for a capital offence, and on application for bail, the judgment of this court is that it devolves upon the accused to take the initiative and show from the testimony in the case, including that of the State, that the proof is not evident nor the presumption great. There may be exceptional cases recognized by the courts, such as extreme sickness caused or increased by imprisonment, and the like, that will not be concluded by this rule, and the rule as to them need not now be stated .

In the production of the State's testimony the accused should not be denied the right of cross-examination or impeachment, and it should not prejudice him on the trial before the petit jury. Such testimony is still that of the State, and the accused may so treat it.

The indictment in the present case had no witnesses endorsed on it, but the State Attorney, after being notified of the hearing, furnished a list of the witnesses the State relied on in the case, and it appeared that the State's witnesses were present at the time of the hear-

Rigdon v. State.—Opinion of Court.

ing.   It was decided in Murray v. State, 25 Fla. 528, 6
South. Rep. 498, that the names of all witnesses to be
relied on by the State should appear upon the back of
the indictment, or information, so that the accused
might know by what witnesses he is to be confronted,
and to enable him to prepare his defence, but that it
was not error to call, during the trial, witnesses other
than those whose names appeared on the indictment or
information.   In Mann v. State, 22 Fla. 600, it was held
that the State Attorney is not necessarily compelled to
give the names of witnesses not on the indictment, ex-
cept upon the request of the defendant, and upon the
instruction of the court.   What effect, if any, upon the
indictment the failure to place any names of witnesses
upon it will have, can not be considered on the present
application.   When names of State witnesses are placed
upon the indictment, the presumption is that all of the
witnesses relied on by the State are named, and the
accused should not be required to produce the testi-
mony of any other witnesses on behalf of the State.
Where no witnesses are placed on the indictment, it is
incumbent upon the State Attorney on application for
bail to furnish the accused with a list of the witnesses
relied on by the State in due time to secure their pres-
ence or testimony; otherwise he could not know what
was the testimony upon which the State relied.   In case
no witnesses are placed upon the indictment, and a list
is duly furnished by the prosecuting officer, the accused
should produce the witnesses for the State in connec-
tion with his own, if he has any, in order that the judge
may determine from all the testimony in the case
whether the proof was not evident or the presumption
not great. The statement of the judge in denying bail to
the accused is open to the objection that it may be con-
strued as requiring them to produce all the witnesses for

the State, without reference to whether they be furnished by the indictment or by the State Attorney. What witnesses the State has to sustain the indictment must of course be made definitely known to the accused, in order that he may produce them. On the showing before the judge in the present case the ruling did not go beyond the rule stated, as it does not appear that the accused were required to produce any other witnesses than those furnished by the State Attorney and that were present in court. In the judgment of the court the Circuit Judge did not err in denying bail on the refusal of the accused to produce the testimony of the State's witnesses furnished, and the judgment will, therefore, be affirmed.