### UNITED STATES v. McDONALD.

(First Division. Juneau. April 1–4, 1913.)

No. 865B.

1. BAIL (§ 42*)—CRIMINAL LAW—HOMICIDE.

The defendant was indicted for murder in the first degree and applied to the court to be released on bail pending trial. *Held*, that under section 205, pt. 2, of the Criminal Code, the defendant cannot be admitted to bail when the proof or presumption of his guilt is evident or strong.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 139–144, 147–152; Dec. Dig. § 42.*]

2. BAIL (§ 49*)—CRIMINAL LAW—HOMICIDE.

Where a defendant, in custody under indictment charging him with murder in the first degree, applies to be liberated on bail, the indictment is prima facie evidence of guilt of the highest crime charged therein, and, when bail is sought in this character of cases, the burden of proof is on the defendant to show that the proof is not evident and strong nor the presumption great.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 195–208, 241, 244; Dec. Dig. § 49.*]

3. BAIL (§ 49*)—EVIDENCE—CRIMINAL LAW.

Where a defendant, under indictment for murder in the first degree, has applied to the court for release on bail, and is seek-

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

ing to show the court that the evidence of his guilt and the legal presumption against him is not strong and evident, and the witnesses who testified before the grand jury are not within the jurisdiction of the court, he is entitled to have a witness who is present, and who reported the evidence taken before the grand jury which found the indictment,. sworn and testify before the court as to what was the evidence before the grand jury.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 195–208, 241, 244; Dec. Dig. § 49.*]

The defendant was indicted for murder in the first degree under section 3 of the Alaska Penal Code, and was extradited from Mexico and brought to Juneau for trial. At the time of his arraignment, the defendant made application to the court to be released on bail, pursuant to the terms of section 205, pt. 2, of the Alaska Criminal Code.

John Rustgard, Dist. Atty., of Juneau, for the United States. Hellenthal & Hellenthal, of Juneau, for defendant.

LYONS, District Judge. The statute provides:

"That the defendant cannot be admitted to bail when the proof or presumption of his guilt is evident or strong, and when he is charged with the crime of murder in the first degree or with treason or with rape." Section 205, c. 22, tit. 2, Criminal Code.

Ordinarily the question for the court to determine is: What will produce the defendant in court at the date of the trial? That is the ordinary rule in this character of proceeding with reference to ordinary felonies. But the statute, in case of an indictment for murder, provides that something else must be considered by the court; that the defendant cannot be admitted to bail when the proof or presumption of his guilt is evident or strong.

If all the evidence were before the court, there is a statutory command for the court to go farther and determine whether the evidence is strong or the presumption great. And the court is bound by the will of the Legislature, so that the court is compelled to go farther than merely to satisfy itself as to whether or not the defendant will appear for trial. If the court assumed any other position, it would be legislating.

The Legislature has said that, if the evidence is strong, the court cannot admit him to bail, no matter whether it thinks he will be here for trial or not. The Legislature has defined the course the court must pursue. Let us see, in the first place, what that statute means. It is necessary for the court to review the decisions to determine what the weight of authority has been, and that is what this court certainly must follow.

It is said by counsel that the law in this respect, like in other respects, is a growth, and that the tendency of its growth has been toward liberality to the defendant, the applicant for bail. In a general way that is probably true. When Justice Field announced his decision in the Tinder Case, 19 Cal. 563, wherein he held that the indictment for murder in the first degree, in a proceeding to determine whether or not the defendant should be released on bail, was conclusive evidence, except under extraordinary circumstances, he was probably deviating just as far as he felt he could from the common law, which prevented the court granting bail under such circumstances. And a different rule has been promulgated, as counsel has said, by the majority of the courts, and it may be considered as laid down by the text-books and weight of judicial opinion now to be the better rule, and that is this rule: That the indictment is prima facie evidence of guilt of the highest crime charged therein. That rule was laid down by the Colorado court in the Losasso Case, 15 Colo. 163, 24 Pac. 1080, 10 L. R. A. 847, the one that was quoted by counsel. It is laid down by the Wyoming court in the case of State v. Crocker, 5 Wyo. 385, 40 Pac. 681. It is laid down by the Florida court in the case of Rigdon v. State, 41 Fla. 308, 26 South. 711. It is laid down in the state of Oklahoma in a long line of cases, ending in the case in 1911, Ex parte Dykes, found in 6 Okl. Cr. 162, 117 Pac. 724, the latest case that I have been able to find on the subject. It is laid down in Florida as late as 1908. It is a well-settled doctrine in Indiana established by a long line of cases; the latest that I have been able to find being 1897. The court of Colorado cites Illinois and Ohio as sustaining the same doctrine. So that I think there can be no question but what the decided weight of authority to-day is that the in-

dictment in such a proceeding as the one at bar is presumptive evidence of the guilt of the defendant of the highest crime charged in the indictment. I do not think that it can be successfully controverted. Nor do I think the doctrine announced in the other states, to wit, Montana, South Dakota, and Texas, that the burden of proof in such a proceeding is on the state can be said to be the better and more modern rule, for the simple reason that, in all of the states to which I have referred, the latest word from their highest courts is that the burden is upon the defendant, because the indictment is prima facie evidence of guilt, and the cases to which I have called attention are late cases. State v. Crocker (1895) supra; In re Losasso (1890) supra; Rigdon v. State, the Florida case (1899) supra; Ex parte Dykes (1911) supra; and an older case from Florida, 1908; Brown v. State (1897) 147 Ind. 28, 46 N. E. 34.

I may state that in nearly every one of these instances it is not one decision alone that has established the doctrine like the case in Montana or South Dakota, but it is a long line of decisions showing a settled doctrine—a doctrine that has been considered for years by those courts—and there has been a constant refusal on their part to change the doctrine.

The Dykes Case counsel referred to, the decision was rendered in 1897; the Kauffman Case, 20 S. D. 620, 108 N. W. 246, in 1906; and the Montana case in 1907; the Oklahoma and the Florida cases are still later than this case, and all of the cases to which I have called counsel's attention are comparatively late cases and cases that have been rendered affirming a doctrine which has existed in those states for years. The Texas case is the only one in which I know the state Supreme Court has seen fit to reverse itself. Judge Hurt dissented in the first opinion, concurred in the second, and wrote the opinion of the court in the third opinion, which reversed the two former cases.

I take it it must be conceded that the weight of authority is to the effect that, when bail is sought in this character of case, it rests upon the defendant to show the court that he is entitled to bail, under the statute, and that, before the court can exer-

cise the discretionary power which is reposed in the court, the court has the discretion unquestionably of passing upon the evidence when the court hears it, but he has not the power, in my judgment, to exercise that discretion until the evidence upon which it can be based is presented.

Now, let us see what the courts have said about how this matter is investigated. I have gone into the matter at considerable length. It was presented to me informally last week by both counsel for the government and by counsel for the defendant, intimating that a formal application would be made. For that reason I have had an opportunity to consult at length the authorities.

Another authority to which I may call counsel's attention is the late work of Cyc. (Cyclopedia of Law and Procedure, a text-book), and Bishop on Criminal Procedure.

The Cyc. says:

"Upon a petition for release on bail, the petitioner must bring himself within the law under which he claims the right to bail, and this rule obviously casts upon him the burden of proof in homicide or capital cases to either overcome the presumption of guilt arising from the indictment or of showing that the proof is not evident and the presumption is not great."

Mr. Bishop says:

"The grand jury is a part of the court, and, after it has found an indictment, the judge should assume the proof to have been evident, so that, in a capital case, prima facie the indicted defendant is not entitled to bail. Still, at least by the better authorities, the facts may be inquired into on application for bail, and the action of the bailing officer will be governed by what thus appears."

The Colorado case I have already called counsel's attention to. Counsel is familiar with the Crocker Case from Wyoming. But the case that I desire to call counsel's attention to, which goes into the matter specifically as to how the matter shall be investigated, is a late case from Florida:

"Under our Constitution all persons are bailable by sufficient sureties as matter of absolute right, except for capital offenses, where the proof is evident or the presumption great, and as to such offenses the indictment is regarded as affording a strong showing, on an application for bail, that the accused is guilty of the highest crime charged, and the burden is upon him of showing that the proof in

the case is not evident nor the presumption great [citing the Losasso Case, 15 Colo. 163, 24 Pac. 1080, 10 L. R. A. 847]. It being clear from the weight of authority that the burden is upon the accused, under a capital charge, to show that the proof is not evident, nor the presumption great, a pertinent inquiry is: What proof is it that he must show is not evident, or which presumption is it that must appear not to be great? The section in the bill of rights does not declare what it is," neither does our section state, "and in its application consideration must be had to the nature of the inquiry before the judge, and the character of the proceedings. After indictment found for a capital offense, and on application for bail, the judgment of this court is that it devolves upon the accused to take the initiative and show from the testimony in the case, including that of the state, that the proof is not evident nor the presumption great. There may be exceptional cases recognized by the courts, such as extreme sickness caused or increased by imprisonment, and the like, that will not be included by this rule, and the rule as to them need not now be stated. In the production of the state's testimony, the accused should not be denied the right of cross-examination or impeachment, and it should not prejudice him on the trial before the petit jury. Such testimony is still that of the state, and the accused may so treat it. The indictment in the present case had no witnesses indorsed on it, but the state attorney, after being notified of the hearing, furnished a list of the witnesses the state relied on in the case, and it appeared that the state's witnesses were present at the time of the hearing. It was decided in Murray v. State, 25 Fla. [528, 6 South. 498], that the names of all witnesses to be relied on by the state should appear upon the back of the indictment or information, so that the accused might know by what witnesses he is to be confronted, and to enable him to prepare his defense, but that it was no error to call, during the trial, witnesses other than those whose names appeared on the indictment or information. * * * Where no witnesses are placed on the indictment, it is incumbent upon the state attorney, on application for bail, to furnish the accused with a list of the witnesses relied on by the state in due time to secure their presence or testimony; otherwise he could not know what was the testimony upon which the state relied. In case no witnesses are placed upon the indictment, and a list is duly furnished by the prosecuting officer, the accused should produce the witnesses for the state in connection with his own, if he has any, in order that the judge may determine, from all the testimony in the case, whether the proof was not evident or the presumption not great." Rigdon v. State (1899) 41 Fla. 308, 26 South. 711.

In the very nature of things, if the court is to exercise discretion in determining whether or not it will admit to bail, it must have the evidence upon which to base that discretion. Under the statute, the question is: Whose business is it to

produce it? I am satisfied that the overwhelming weight of authority is to the effect that it is the defendant's duty to produce it. If he is unable to produce it at his own expense, the government, the same as in the trial of a case, will produce the witnesses for him. Now, that being the state of the law, what are the facts in the case? And I think counsel is right when he says both counsel concur that the court should not prejudge the guilt or innocence of the defendant; that is not the province of the court; that is the province of the jury. But the court, if all of the evidence were before it, must, in the nature of things, determine whether the evidence is weak or strong, in order to exercise the discretion reposed in the court by the statute.

In this case, what is the situation? The grand jury after 10 or 12 years indicted defendant. That fact is borne upon or it is contended by the defendant that that fact should bear heavily with the court in the determination of whether or not the defendant should be admitted to bail. On the other hand, the prosecuting officer contends, and submits proof of the fact, that many of these witnesses were employed at the time by the company for whom the defendant was superintendent, and that these witnesses were intimidated or persuaded not to appear. The court cannot pass upon that proposition, but it is the duty of the defendant to produce the witnesses here, if that is the rule to be followed (and that is the rule that will be followed until it is reversed); the court must take, if it is going to consider the evidence at all, the prima facie showing offered by the district attorney as to what these eyewitnesses will testify to. So far as the records disclose, these eyewitnesses were never before any body having jurisdiction of this matter; so far as this court is informed, the record discloses the fact that they certainly were not before the coroner. The men who were before the coroner were men who could testify to facts and circumstances which might have a substantial bearing on the case in favor of the defendant; but, if it is true, these other people are eyewitnesses; and it may be, as the defendant says, that, when this testimony is subjected to the scrutiny of cross-examination, it may be

very weak testimony, and the jury may so hold, but this court cannot consider that proposition. on this hearing, because the court says it is the duty of the defendant to get the witnesses here so they can be examined. This court cannot pass upon the case unless the evidence is here.

If the court took the view of the Montana court, that it is the duty of the state to get the witnesses here, the court would have quickly released the defendant on bail; but that is not the law, in the judgment of the court, as announced by the weight of judicial opinion in this country that have considered, not one case, but have considered the growth of the law in their own jurisdictions as shown by a long line of cases. So that I think, gentlemen, there is nothing for the court to do but refuse bail at this time, under the circumstances.

And the court refrains from saying, and cannot say at this time, whether the proof is strong or weak, for the court has not heard or seen the witnesses on the stand. But the Florida case sets out in detail just the procedure to follow, and that procedure, to my mind, is supported by the states of California, Colorado, Wyoming, Illinois, and Indiana, and the state of Mississippi and Alabama are quoted, but I cannot say whether the ruling would support the quotation, because I have not seen the decisions; have not had a chance to obtain them.

Under the circumstances, the application for bail will be denied.

The question also arises as to whether or not the defendant is entitled to have the court consider the testimony submitted before the grand jury on an application for bail. Under the statute, in this character of a case, the burden of proof is upon the defendant to show that the evidence of his guilt is not strong or evident, or that the presumption of his guilt is not strong or evident of the highest crime charged in the indictment. That being so, it becomes necessary for the court to hear what the testimony for and against the defendant is. It is conceded that at this time the witnesses on behalf of the government, and probably the witnesses on behalf of the defense, are not within the jurisdiction of this court. The defendant

insists that he is entitled to a hearing on this question, and that, so long as the evidence is here, it should be submitted and he not forced to wait until the witnesses can be brought here from a foreign jurisdiction, and insists on the district attorney or assistant, special assistant district attorney, who reported the evidence before the grand jury, be required to take the stand and testify as to what was the evidence before the grand jury. The district attorney takes the position that the grand jury is a secret body, and that such disclosures should not be permitted except where it is specifically provided for by the statutes.

The statute provides that a member of a grand jury may be required by any court to disclose the testimony of a witness examined before such grand jury, for the purpose of ascertaining whether it is consistent with evidence given by the witness before the court, or to disclose the testimony given before such grand jury by any person upon a charge against such person for perjury, or upon his trial therefor.

The district attorney contends that the statute (that is, that section of the statute) is exclusive, and that the testimony cannot be produced in any other judicial hearing, except for the purposes specified in the statute. In construing that statute, the Oregon Supreme Court has not taken the position that is assumed by the district attorney. In State v. Moran, 15 Or. 262, 14 Pac. 419, Moran had testified before the grand jury. The district attorney sought to offer the testimony given before the grand jury in chief, in its case in chief. The defendant objected, as the government objects here, on the ground that the testimony could not be offered because it was not offered for the purpose of contradicting the defendant, nor was it offered for the purpose of prosecuting him for perjury. But the Supreme Court of Oregon, in an exhaustive opinion rendered by Judge Strahan, dissented from that position and held that the testimony could be offered in chief as a part of the government's case.

The identical statute was construed by the Supreme Court of Indiana in the case of Hinshaw v. State, reported in 147

Ind. 334, 47 N. E. 157, and I read from the opinion a portion of the opinion which bears on this very question:

"It is complained that the court erroneously overruled appellant's objection to the oral testimony of George H. Duncan, a member of the grand jury, detailing the testimony of appellant before the grand jury."

I might say that this testimony was offered in chief; the defendant in this case not taking the stand at all.

"The objection is: First, that the oath prescribed for grand jurors necessarily implies that they are forbidden to give such testimony; and, second, that the statute requires such testimony to be reduced to writing, and that it was actually reduced to writing, and that, such writing being the best evidence, oral testimony as to what appellant stated under oath to the grand jury is inadmissible, unless the absence of the written statement is accounted for. As to the first objection, the form of the oath to the grand jury, among other things, is: 'And that you will not disclose any evidence given or proceeding had before the grand jury.'"

I might say in our jurisdiction there is no oath provided for by the statute with reference to secrecy, excepting that they are not to disclose anything concerning an indictment that has been found where the defendant has not been arrested. In such jurisdiction the common-law oath is given as is usual, as it is always administered to the grand jury in this jurisdiction, but we find in the Indiana case there was a statutory provision.

"But it has been settled law in this state for a long time, under the provisions quoted and other similar provisions, that the oath of grand jurors to keep their proceedings secret does not prevent the public or an individual from proving by one of them, in a court of justice, what passed before the grand jury. Burnham v. Hatfield, 5 Blackf. (Ind.) 21; Shattuck v. State, 11 Ind. 473; Burdick v. Hunt, 43 Ind. 381; State v. Van Buskirk, 59 Ind. 384. But the appellant's counsel rely on the following statutory provision: 'A member of the grand jury may, however, be required by any court to disclose the testimony of a witness examined before the grand jury, for the purpose of ascertaining whether it is consistent with that given by the witness before the court, or to disclose the testimony given before them by any person upon a charge against him for perjury, in giving his testimony or upon his trial therefor.'"

The identical language used in our statute. And the appellant in that case insisted that that was exclusive, and that

in no other instances should the testimony of the grand jury be offered in any proceeding.

"It is earnestly insisted that the section just quoted was intended to narrow the scope of the authority of courts of justice to require grand jurors to disclose the testimony of witnesses before the grand jury, when the due administration of justice requires it, to much more circumstantial limits than had existed before. They contend that under it there are only two cases in which a court of justice can require such disclosure: One where the disclosure is sought for the purpose of ascertaining whether the testimony  *  *  *  before the grand jury is consistent with that given by the witness before the court; and the other to disclose the testimony given before the grand jury by any person upon a charge against him for perjury in giving his testimony, or upon his trial therefor. It cannot be reasonable to suppose that the Legislature intended by this provision to cut off the right or power of courts, in the due administration of justice, to require grand jurors, as witnesses, to disclose testimony given before them in any other cases than those named, and thus make a radical change in the law as it had existed in the state for a period of over 40 years. It rather appears that it was the legislative intent to enlarge the power to require such disclosure so as to extend it to the two cases specified, under the supposition that the law did not already extend to such cases."

That is a definite and specific construction of the language of our statute, and I have found no other case where the exact language has been used and definitely construed.

Mr. Bishop, in his new Criminal Procedure, says:

"The leading consideration being the probability of guilt, the court will look into the depositions taken before the coroner and the committing magistrate, and into any mistrial of the question. As to the evidence before the grand jury, we have seen that it is private, so judicial notice of it is not possible. But for some other purposes—and on principle, for the purposes of bail—the doings of a grand jury may be inquired into, and even the testimony of a juror received. The difficulty, if it is one, has been overcome by legislation in some of our states; and in one way or another it seems to have become the American doctrine that, even after indictment found, the facts as to probable guilt may be inquired into on an application for bail."

And in United States v. Farrington (D. C.) 5 Fed. 343, the court holds that the proceedings of a grand jury can always be inquired into when it becomes necessary in any way to determine, in a court of justice, subsequently the rights of individuals or the rights of the public, and that it is only that the grand jury as a body has not the option; the grand jury

where there is a statutory command for them to keep silent, it is their duty to keep silent; but that does not bind the court in any other judicial proceeding where the rights of others are involved.

In a very late case, In re Thomas, 39 L. R. A. (N. S.) 762, 764, is a very extended note in the case reported in 1908, in which note, among other citations, the following is given from New York:

"The evidence taken by the grand jury is not now secret, and they are not by their oath required to conceal it. * * * Grand juries now, under the provisions of the Revised Statutes (2 Rev. Stat. 811, § 30), appoint a clerk to take minutes of the evidence given before them, and these minutes are delivered to the district attorney. On an application to admit a prisoner to bail in a case of felony, after indictment, I see no more objection to the court's looking into the minutes of the evidence kept and preserved by the grand jury, and delivered to the district attorney, than there is in their looking into the depositions taken by a coroner or a committing magistrate, on a like application made before indictment. We therefore think that, under the Revised Statutes, an indictment should not, on an application to admit to bail, be regarded as any more conclusive as to the guilt of the prisoner than the coroner's inquest or the adjudication of a committing magistrate."

While our statute may seem to be silent with reference to the matters that the New York Legislature has provided for, yet the fact remains that there can be no question of public policy involved because the court is bound to hear the testimony of the government in determining the right of the defendant to bail. As was stated the other day: What is the difference, then, in point of public policy, between requiring the testimony as given before the grand jury and the testimony that would be given by the witnesses if they were here to testify?

Reading from Wharton's Criminal Evidence, p. 447:

"It was at one time supposed that a grand juror was required by his oath of secrecy to be silent as to what transpired in the grand jury room; but it is now held that such disclosure, wherever it is material to explain what was the issue before the grand jury, or what was the testimony of particular witnesses, will be required."

So that I think the decided weight of authority and reason is that, in the absence of the witnesses for the government,

4 A.R.—41

on an application of this character, for admission to bail, there is no question of public policy which prevents the court from hearing the testimony that was given before the grand jury. It may be true, as counsel has suggested, that it probably apprises the defendant of just what the government has, what the government witnesses will testify to, as disclosed by the grand jury, and it has been the policy of the law not to compel the government to show its hand to the defendant before trial, because the defendant is thereby given an opportunity to circumvent, as the late writers have said, the due administration of justice and the actual exposition of the truth. But the very same objection lies to a pretrial given; when a man is seeking bail, he can compel in that proceeding the witnesses for the government to appear, and the hand of the government is disclosed just the same as by forcing the production of the testimony before the grand jury. So that I see no violation of any public policy involved, and I am satisfied that under our statute the decided weight of authority is to the effect that the evidence, in the absence particularly of the witnesses, should be produced. And in this case the special assistant counsel who took the testimony before the grand jury may be called as a witness to disclose, not what the grand jurors said, not how they voted, not which one interrogated, but what were the questions and what were the responses thereto.

For the reasons assigned, the application for the production of such testimony will be allowed.