## WILLIAM LYNCH

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*bail may be allowed after indictment for murder.* The mere fact that a grand jury has found an indictment for murder, does not preclude an inquiry into the facts of the case, to ascertain whether the offense may not be of such grade as to entitle the prisoner to bail.

2. SAME—*but relief should be granted only in a clear case.* While an inquiry into the facts should always be made upon a proper application of the prisoner for the purpose indicated, yet, in view of an indictment having been found for the higher offense, courts and judges should proceed with great caution in their examination of the facts, that the prisoner may not be improperly admitted to bail, and only in case he is clearly entitled to such relief.

3. SAME—*of the mode of application.* The application for bail under such circumstances, may be made upon motion, in term time, or by *habeas corpus* in term time or vacation.

4. WRIT OF ERROR—*when it will lie—only from final judgment.* The refusal of a Circuit Court to hear evidence upon an application for bail by a party who is indicted for murder, is not such a final judgment as may be brought to the Supreme Court for review.

WRIT OF ERROR to the Circuit Court of the County of Iroquois; the Hon. CHARLES R. STARR, Judge, presiding.

William Lynch was indicted for murder in the court below, at the November term, 1864. After the indictment was returned into court, the defendant, being in custody, presented his motion in writing in open court, to be admitted to bail, and that the court should hear evidence in the case with the view to determine whether the grade of the offense would entitle him to that character of relief. The grounds for the motion were:

1st. That the defendant would be able to show that the grand jury should have indicted for manslaughter, if they found any indictment, and not for murder.

2d. That the defendant, at the time of the affray in which the offense is charged to have been committed, was acting in self-defense, and to save his own life, as he then believed.

3d. That the grand jury finding the said indictment for murder, were mistaken in and as to the grade of offense, and found an indictment for murder, when it should have been, if found at all, found for manslaughter.

4th. That he would be able to prove that he was most brutally attacked by several men and beaten upon various

parts of his head, with a large undressed wagon spoke, until he became delirious and raving, and while laboring under that state of mind the fatal blow was given.

5th. That the act was done without malice express or implied, and without any mixture of deliberation whatever, and that it was upon a sudden heat of passion caused by a provocation apparently sufficient to make such passion irresistable. All of which he expects to be able to prove to the satisfaction of the court, if permitted so to do.

The Circuit Court denied the motion, refusing to hear evidence for the purpose indicated, upon the ground that though the court might be of opinion that the defendant should not have been indicted for murder, but only for manslaughter, yet, the court could not go behind the indictment and hear evidence against the defendant as to the grade of offense, with a view to admit to bail. Thereupon the prisoner was ordered to be committed to jail to await his trial at the next term, to which the cause was continued. To this ruling of the court the defendant excepted, and sued out this writ of error, to the end that such ruling may be reviewed in this court.

Messrs. FLETCHER and KINNEY, for the plaintiff in error, cited in support of his motion, the following authorities; Constitution of this State, sec. 13 ; Hawkins' Pleas of the Crown, ch. 15, sec. 79; *State of South Carolina* v. *Hill*, 1 Const. Rep. 242; *Same* v. *Same*, 3 Brevard Rep. 89 ; *State* v. *Lum*, 3 Porter (Ind.) 393; *Commonwealth* v. *Rutherford*, 5 Rand. 646;. 2 Parker's Crim. R. 570; Selfridge's Trial; 1 Wheeler's Crim. Cases, 445; *Rex* v. *Dalton*, 2 Strange R. 911; *Ex parte* Taylor, 5 Cowen, 39, 54.

Mr. CHARLES BLANCHARD, State's attorney, for the people, insisted that there was no such final judgment in the court below, as can be reviewed in this court.

PER CURIAM: The Circuit Court might well have heard the evidence and inquired into the grade of the alleged offense, with the view of allowing or refusing bail, as might have appeared proper upon the facts. The mere fact that a grand jury has found an indictment for murder, does not preclude an inquiry into the facts of the case, to ascertain whether the offense may not be of such grade as to entitle the prisoner to bail.

Should an innocent man be indicted for murder, as is sometimes done, it would be gross injustice to require him to lie in jail, perhaps for months, until a trial could be had, and without any opportunity of asking an investigation of the case with the view of obtaining bail.

We know that a party may, under an indictment for murder, be convicted of manslaughter, and doubtless grand juries are often controlled by that consideration, in refusing, as is generally the case, to find indictments for the lesser offense. It would be very hard, when the law declares that if the offense be of a lower grade than murder, it shall be bailable, that the accused should be concluded upon that question, until final trial, upon the mere finding of a grand jury, which is necessarily based, for reasons of public policy, upon a mere *ex parte* examination.

And while we think an inquiry into the facts should always be made upon a proper application of the prisoner, for the purpose indicated in this motion, we need hardly suggest that in view of an indictment having been found for the higher offense, courts and judges should proceed with great caution in their examination of the facts, that the prisoner may not be improperly admitted to bail, and only in case he is clearly entitled to such relief.

The application may be made upon motion, as in this case, in term time, or by *habeas corpus* in term time or vacation.

We can not entertain the writ of error, however, in this case, for the reason that the refusal of the court below to hear

evidence upon the application for bail is not such a final judgment as may be brought here for review.

*Writ of error dismissed.*