# *Ex parte* Hammock & Elrod.

*Application for Bail on Habeas Corpus.*

1. *Right to bail; burden and sufficiency of proof.*—On application for bail by a person who is in custody under an indictment for murder, the production of the indictment makes out a *prima facie* case against him, and casts on him the burden of adducing exculpatory evidence; but he is not required to introduce the witnesses who were before the grand jury, although they are present in court; and if the evidence adduced by him leaves it doubtful whether the deceased came to his death by accident, by suicide, or by violence at the hands of another, no witnesses being introduced on the part of the prosecution, he is entitled to bail.

2. *Same; on second hearing.*—Bail being improperly refused in such case, and the right to it being declared by this court on review, additional evidence can not be adduced by the prosecution, but the only open question is as to the amount of bail.

This was an application by petition, on the part of Frank Hammock and James Elrod, who were under indictment for the murder of William Harris, for the writs of *certiorari* and *habeas corpus* to procure their discharge on bail, which had been refused by Hon. A. L. Moody, the probate judge of Franklin county. A copy of the proceedings had before the probate judge, certified by them to be correct, was made an exhibit to the petition. The opinion states the material facts.

R. C. Brickell, and R. W. Walker, for the petitioners.

STONE, C. J.—Petitioners were under indictment for murder, and were brought before the judge of probate of Franklin county on *habeas corpus*, on an application to be admitted to bail. The case coming up for hearing, there was produced in evidence for the State the indictment found by the grand jury, indorsed a true bill, and charging the petitioners with the crime of murder; and here the State rested. It was under this charge the petitioners were imprisoned. The petitioners thereupon offered oral proof, tending to exculpate themselves. The State offered no inculpatory testimony, but rested on the case as thus presented. No witness was examined who admitted he had any knowledge of the circumstances under which deceased had come to his death; and looking alone at the oral testimony thus offered, the mind is left in uncertainty whether the deceased came to his death at the hands of another, by accident, or by suicide. If all the testimony offered was believed, the petitioners were innocent. The probate judge, in ruling on the application, among other things, said: "Several witnesses for the State were present, but not examined either by the defendant or State. After hearing all the evidence introduced, the judge is of opinion that the presumption of the degree of murder raised by the indictment is not overturned. The judge heard no evidence for the State, upon whose evidence the indictment was found. Hearing no evidence for the State, the judge is of opinion he could not arrive to a conclusion that the charge in the indictment is too great."

The language quoted above is somewhat obscure, but tends to the conclusion that, in the absence of a full presentation of all the evidence, including that which the grand jury had before them in their deliberations, the judge did not feel at liberty to weigh and fully consider the probative effect of the

testimony he had before him. We may ask, how was the criminative testimony—that which we must suppose was the basis of the grand jury's action—to be brought before him? Are we to understand, as petitioners contend, that it was the opinion of the primary court that the duty rested on them first to produce the testimony which made against them, and then, by the production of their own defensive testimony, to show that the proof was not evident, nor the presumption great, that the petitioners were guilty of murder in that degree which may be punished capitally? To so hold, would be to reverse the current of judicial proceedings, making it the duty of prisoners, circumstanced as these were, to first criminate themselves, as a condition upon which they will be allowed to disprove their guilt of the crime in its highest form. We can not think this was the intention of the legislature.

In proceedings to obtain bail, it is well settled that the production of an indictment found by a grand jury makes a *prima facie* case of guilt in the highest degree of which the defendant could be convicted under the indictment.—*Ex parte McGlawn*, 75 Ala. 38; *Ex parte Rhear*, 77 Ala. 92; Church on *Habeas Corpus*, § 404. This, however, is but a presumption in the absence of all other proof. When exculpatory evidence is produced, such testimony must be weighed, together with the presumption raised by the indictment; and the decision must be pronounced on the entire case as thus presented. As was said in *Ex parte Bryant*, 36 Ala. 270, "To justify a court in refusing bail, whether before or after indictment found, the judge must be of opinion, upon the evidence produced upon the hearing of the application, that 'the proof is evident, or the presumption great,' that the defendant is guilty of the offense in the degree punished capitally." We hold that, when the defendants introduced their testimony, the duty did not rest on them to introduce the State's evidence, that the court might, with fuller information, pronounce on its sufficiency. It was the State's duty to introduce its own criminative evidence, if it was deemed necessary to establish the probability of that supreme measure of guilt, which the law declares may be punished capitally. If, when all the testimony is weighed, the court can satisfactorily affirm that "the proof is evident, or the presumption great," that the petitioners are guilty of the offense charged in that degree which is not bailable, bail should be denied. If, on the other hand, the testimony is such as to disprove the defendant's guilt of the offense in the non-bailable degree, or, if when duly weighed, it is such that a fair-minded man would entertain a reasonable doubt of guilt in such degree, then the petitioner is entitled to bail.

[Wall v. The State.]

On the testimony found in this record, the petitioners were entitled to bail, and the probate judge should have so ordered, fixing the amount of the bond in such reasonable sum as will be likely to insure the appearance of the prisoners. And this right to bail can not now be denied them, by the introduction of additional testimony. The prosecution, having failed to introduce testimony on the trial, must abide by its election. The only question open is as to the amount of bail, which should be graduated somewhat by the pecuniary ability of the petitioners. This can be determined much more advisedly, and with much less expense, in the county from which the case comes, than it can be here.

The writs of *certiorari* and *habeas corpus* will be awarded, to bring the proceedings and the prisoners before this court, unless the petitioners, when informed of this ruling, are content to renew their application before a court or judge of primary jurisdiction.

*Certiorari* and *habeas corpus nisi* ordered.