## STATE v. KAUFFMAN.

Under Const. art. 6, § 8, declaring that all persons shall be bailable by sufficient sureties, except for capital offenses, when proof is evident or presumption great, persons arrested for capital offenses, where the proof is not evident or the presumption great, are entitled to bail as a matter of right, and Rev. Code Cr. Proc. §§ 585, 586, providing that bail may be admitted upon all arrests for criminal offenses punishable by death unless the proof is evident or the presumption great, but shall be taken only by the Supreme Court or circuit court or a justice or judge thereof, "who shall exercise their discretion therein," is in conflict with the constitutional provision.

Under Const. art. 6, § 8, providing that all persons shall be bailable except for capital offenses when proof is evident or presumption great, Rev. Code Cr. Proc. §§ 585, 586, constaining substantially the same provisions, and section 356, providing that defendant in a criminal case is presumed to be innocent, the burden is on the state in an application for bail, to show that the proof is evident or the presumption great.

(Opinion filed, June 23, 1906.)

Original application by Emma Kauffman to be admitted to bail. Application granted.

*A. F. Orr, State's Attorney,* for the State. *Aikens & Judge,* for defendant.

HANEY, J. Having been held to answer the charge of murder and committed to the custody of the sheriff of Minnehaha county the defendant applies for an order admitting her to bail.

The Constitution of this state secures to every one accused of crime the right to bail in all cases except when charged with a capital offense and even then, unless the proof of guilt is evident or the presumption of it is great. It declares: "All persons shall be bailable by sufficient sureties, except for capital offenses when proof is evident or presumption great." Article 6, § 8. As said by Mr. Justice Field in construing identically the same constitutional provision: "The admission to bail, in capital cases, where the proof is evident or the presumption great, may be made a matter of discretion, and may be forbidden by legislation, but in no other cases. In all other cases, the admission to bail is a right which the accused can claim, and which no judge or court can properly refuse." People v. Tinder, 19 Cal. 539, 81 Am. Dec. 77. The statute provides: "Bail, by sufficient sureties, shall be admitted upon all arrests in

criminal cases where the offense is not punishable by death, and it may be taken by any of the persons or courts authorized by law to arrest and imprison offenders. Bail, by sufficient sureties, may be admitted upon all arrests in criminal cases where the punishment may be death, unless the proof is evident or the presumption great; but it shall be taken only by the Supreme Court or a circuit court, or by a justice or judge thereof, who shall exercise their discretion therein, having regard to the nature and circumstances of the offense, and of the evidence and to the usages of law; if the case has been tried by jury, and the jury have disagreed on their verdict, then the above presumption is removed, and the defendant shall thereupon be entitled to bail, unless it shall appear to the court or judge thereof, by due proof, that such disagreement was occasioned by the misconduct of the jury." Rev. Code Cr. Proc. §§ 585, 586. According to this legislation, where the offense is not punishable by death, the accused is entitled to bail as a matter of right, which may be taken by any of the persons or courts authorized by law to arrest and imprison offenders; where the offense is punishable by death, and the proof is evident or presumption great, the taking of bail is forbidden; but where the offense is punishable by death, and the proof is not evident or presumption great, it may be taken by the supreme or circuit court, or by a judge of either as a matter of discretion. All of these provisions except the last are in harmony with the organic law. Where the offense is punishable by death, and the proof is not evident or presumption great, the accused clearly is entitled to bail as a matter of right; but it can be taken or ordered only by the circuit or supreme court, or by a judge thereof. Such is the case at bar. The accused is charged with murder. If the proof is evident or presumption great her admission to bail is forbidden. If the proof is not evident or the presumption great she is entitled to bail as a matter of right.

What, then, constitutes evident proof, or great presumption, within the meaning of the constitutional guaranty? These phrases are extremely difficult to define; their application to the facts of any particular case, not less difficult. This is disclosed by the numerous adjudications on the subject. 5 Cyc. 64. It would, therefore, be unwise to attempt the statement of a general rule applic-

able to all cases. Webster defines the word "evident" thus: "Clear to the vision; especially, clear to the understanding, and satisfactory to the judgment." Its synonyms are: "Manifest; plain; clear; obvious; visible; apparent; conclusive; indubitable; palpable; notorious." "A defendant in a criminal action is presumed to be innocent until the contrary is proved." Rev. Code Cr. Proc. § 356. The sole purpose of restraint before conviction is to secure the presence of the accused for trial. To grant bail is the rule; to refuse it, the exception. Any one who relies upon an exception should show that his case falls fairly within such exception. Has the state done so in this instance? We think not. Any extended presentation or discussion of the evidence introduced before the committing magistrate (none was offered by the accused) upon which this application is based, in advance of a trial of the cause upon the merits, would be manifestly improper. It has all received careful consideration.

To our minds the proof of the crime charged is not so plain and palpable as to warrant us in denying the defendant's application. She should be admitted to bail in such sum as is just and reasonable in view of all the circumstances.

FULLER, P. J., having been absent, has taken no part in this decision.