STATE EX REL. MURRAY, RELATOR, *v.* DISTRICT COURT ET
AL., RESPONDENTS.

(No. 2,447.)

(Submitted May 21, 1907.   Decided June 17, 1907.)

[90 Pac. 513.]

*Supervisory   Control—Criminal   Law—Homicide—Bail—Habeas Corpus.*

Criminal Law—Homicide—Bail—Supervisory Control—*Habeas Corpus.*
   1.   D., charged with murder, filed his petition in the district court for
   a writ of *habeas corpus,* alleging that he was held in custody without
   authority of law.   It appearing on return day that a complaint had
   been filed, the petition was not prosecuted, but an oral application
   for bail made instead.   While formal notice of the application had
   not been given to the county attorney, that officer was present at the
   time it was made and protested, on the ground that the proof of the
   guilt was evident and the presumption thereof great, offering no testi-
   mony, however, to substantiate his statement.   Bail was allowed, and
   a writ of supervisory control thereupon sought to review the action
   of the court.   *Held,* that the order allowing bail was properly made,
   in the absence of a showing by the county attorney that the proof
   of defendant's guilt was evident or the presumption thereof great.
   (Const., Art. III, sec. 19.)
Same—Bail—When to be Refused.
   2.   *Obiter:*   Where a showing is made to the district court that the
   proof of the guilt of one charged with murder is evident or the pre-
   sumption thereof great, bail should be refused.

ORIGINAL application by the state, on relation of James E.
Murray, county attorney, for a writ of supervisory control
against the district court of the second judicial district of the
state of Montana and Michael Donlan, a judge thereof, to re-
view an order admitting one charged with killing another to
bail.   Proceedings dismissed.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,*
Assistant Attorney General, for Relator.

*Mr. James E. Healy,* and *Mr. M. J. Canning,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

Application for writ of supervisory control.  It appears from
the petition of the above-named relator, who is the county at-
torney of Silver Bow county, that on or about May 12, 1907, one
Michael Daly killed a man named Charles Kern in the city of
Butte.   The record shows that Daly, being confined in jail, made
an application to the district court for a writ of *habeas corpus,*
alleging in his petition that he was being "held, imprisoned,
confined and restrained of his liberty without any process or
authority of law whatsoever, and that no complaint, informa-
tion or indictment had been filed against him." This applica-
tion was undoubtedly filed by virtue of the provisions of section
2740 of the Penal Code, hereafter quoted.  Upon the return
day of the writ, May 21, 1907, it appeared that a complaint had
been filed in a justice of the peace court of Silver Bow county
charging Daly with the murder of Kern; that Daly had waived
a preliminary examination, and was held to answer to the dis-
trict court for the alleged crime.   Bail was not mentioned in
the order of the justice of the peace.   Instead, therefore, of
prosecuting his petition for a writ of *habeas corpus* as prayed
for, the defendant, through his counsel, made an oral applica-
tion to the district court for an order allowing and fixing bail.
This motion was granted, and an order made and entered in the
minutes of the court admitting him to bail in the sum of $10,-
000.   The order was entitled in the *habeas corpus* proceeding.
No other petition was presented to the court or judge than the
one hereinbefore mentioned, and no formal notice of the appli-
cation was given to the county attorney, although that officer
was present in the court and protested against any order being
made admitting Daly to bail, for the reason that the proof of
his guilt was evident, and the presumption thereof great.   No
testimony, however, was offered by the county attorney to sub-
stantiate his statement.   The relator, through the attorney gen-
eral, moves this court for a writ of supervisory control to re-
view said order admitting Daly to bail.

The provisions of the Penal Code relating to bail are as follows:

"Sec. 2350.   When the defendant has been held to answer upon an examination for a public offense, the admission to bail may be by the magistrate by whom he is so held, or by any magistrate who has power to issue the writ of *habeas corpus.*"

"Sec. 2740.   Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of *habeas corpus,* to inquire into the cause of such imprisonment or restraint.

"Sec. 2741.   Application for the writ is made by petition, signed either by the party for whose relief it is intended, or by some person in his behalf, and must specify:

(1) That the person in whose behalf the writ is applied for is imprisoned or restrained of his liberty, the officer or person by whom he is so confined or restrained, and the place where, naming all the parties, if they are known, or describing them, if they are not known.

" (2) If the imprisonment is alleged to be illegal, the petition must also state in what the alleged illegality consists.

" (3) The petition must be verified by the oath or affirmation of the party making the application.

"Sec. 2742.   The writ of *habeas corpus* may be granted:

" (1) By the supreme court, or any justice thereof, upon petition by or on behalf of any person restrained of his liberty in this state.   When so issued it may be made returnable before the court, or any justice thereof, or before any district court or judge thereof.

" (2) By the district courts or a judge thereof, upon petition by or on behalf of any person restrained of his liberty in their respective counties or districts."

"Sec. 2751.   The party brought before the court or judge, on the return of the writ, may deny or controvert any of the material facts or matters set forth in the return, or except to the

sufficiency thereof, or allege any fact to show either that his imprisonment or detention is unlawful, or that he is entitled to his discharge. The court or judge must thereupon proceed in a summary way to hear such proof as may be produced against such imprisonment or detention, or in favor of the same, and to dispose of such party as the justice of the case may require, and have full power and authority to require and compel the attendance of witnesses, by process of subpœna and attachment, and to do and perform all other acts and things necessary to a full and fair hearing and determination of the case.''

''Sec. 2756. If it appears to the court or judge, by affidavit or otherwise, or upon the inspection of the process or warrant of commitment and such other papers in the proceedings as may be shown to the court or judge, that the party is guilty of a criminal offense, or ought not to be discharged, such court or judge, although the charge is defective or not substantially set forth in such process or warrant of commitment, must cause the complainant or other necessary witnesses to be subpœnaed to attend at such time as ordered, to testify before the court or judge; and upon the examination he may discharge such prisoner, let him to bail, if the offense be bailable, or recommit him to custody, as may be just and legal.

''Sec. 2757. When a person is imprisoned or detained in custody on any criminal charge, for want of bail, such person is entitled to a writ of *habeas corpus* for the purpose of giving bail, upon averring that fact in his petition, without alleging that he is illegally confined.

''Sec. 2758. Any judge before whom a person who has been committed on a criminal charge may be brought on a writ of *habeas corpus,* if the same is bailable, may take an undertaking of bail from such person as in other cases, and file the same in the proper court.''

It will be seen from the foregoing provisions that, by section 2751, the duty is imposed on the court or judge ''to dispose of such party as the justice of the case may require''; and section 2758 provides that any judge before whom a person who has

been committed on a criminal charge may be brought on a writ of *habeas corpus,* if the same is bailable, may take an undertaking of bail from such person as in other cases.

In this case, no showing having been made by the county attorney that the defendant was not entitled to bail, the court properly made the order. In this state all persons are bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great. (Const., Art. III, sec. 19.) Accordingly, when an application is made for bail, in a capital case, the county attorney, if he resists the application, should make some showing that the proof is evident or the presumption great, thus bringing the case within the exception mentioned in the Constitution. On failure to make such showing, the defendant is entitled to bail in all cases; but, if such showing is made, the court or judge should refuse bail without hesitation.

The order to show cause heretofore issued is set aside, and the proceedings dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.