[Criminal No. 350.    Filed December 30, 1913.]

[137 Pac. 423.]

In the Matter of the Application of ROY HAIGLER, for an Order Admitting Him to Bail.

1. BAIL—ADMISSION TO BAIL.—Under Constitution, article 2, section 22, providing that all persons charged with crime shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great, and Arizona Penal Code, section 1188, which is declarative of the Constitution, a person charged with crime may, in all cases, claim admission to bail as a strict legal right, except where he is charged with a capital offense, and the proof of his guilt is evident or the presumption great.

2. HABEAS CORPUS—ADMISSION TO BAIL—PROCEEDINGS.—Anyone who is in custody on a criminal charge for want of bail is entitled to a writ of *habeas corpus* admission to bail, and the petitioner need only allege that he is confined for want of bail, this being in accordance with Arizona Penal Code, section 1193.

3. HABEAS CORPUS — ADMISSION TO BAIL — PROCEEDINGS.—In capital offenses, where the accused desires admission to bail, the court should hear such testimony as may be offered respecting the commission of the offense, for the purpose of determining what crime has been committed, and the probable guilt of the accused, and accused should be admitted to bail, unless the whole evidence satisfies the court that the offense is a capital one and that there is a strong presumption of guilt, the general rule being to grant bail.

4. BAIL — ADMISSION TO BAIL — EVIDENCE — PRESUMPTIONS.—The presumption of innocence which attends the accused throughout the entire trial is with him upon an application for admission to bail.

5. BAIL—ADMISSION TO BAIL—BURDEN OF PROOF.—In a proceeding for
   admission to bail, where the state objects on the ground that the
   offense is capital, and that the presumption of guilt is great, the
   burden of establishing those facts is upon the state.

APPEAL from an order of the Superior Court of the
County of Cochise.  A. C. Lockwood, Judge.  Reversed and
remanded.

The facts are stated in the opinion.

Mr. Wm. B. Cleary, for Appellant.

Mr. Wm. G. Gilmore, County Attorney, *contra.*

FRANKLIN, C. J.—This is an appeal from an order in
*habeas corpus* refusing the petitioner admission to bail.  After
a preliminary examination before a magistrate, the petitioner
was held without bail to answer in the superior court of
Cochise county upon a charge of murder in the first degree,
alleged to have been committed upon the body of one John
Wall.  Upon the hearing of a writ of *habeas corpus* in the
superior court that court denied the petitioner admission to
bail; hence this appeal.

The Constitution of this state secures to all persons charged
with crime the right to bail, except for capital offenses, and
in that case also when the proof is not evident or the pre-
sumption great.  It is provided: "All persons charged with
crime shall be bailable by sufficient sureties, except for capital
offenses when the proof is evident or the presumption great."
Ariz. Const., art. 2, sec. 22.  This identical provision of the
Constitution was before the supreme court of California in
the case of *People* v. *Tinder,* 19 Cal. 539, 81 Am. Dec. 77.
The court, speaking through Mr. Justice FIELD, said: "The
admission to bail in capital cases, where the proof is evident
or the presumption great, may be a matter of discretion, and
may be forbidden by legislation, but in no other cases.  In
all other cases the admission to bail is a matter of right which
the accused can claim, and which no judge or court can
properly refuse."

Our statute provides: "A defendant charged with an offense
punishable with death cannot be admitted to bail where the

proof is evident or the presumption thereof is great. The finding of an indictment or filing the information does not add to the strength of the proof or the presumption to be drawn therefrom.'' See House Bill No. 1, Title ''Bail,'' ''An Act to Establish a Penal Code'' (not yet officially published). (Ariz. Pen. Code, sec. 1188.) A person charged with crime may in all cases claim his admission to bail as a strict legal right, with but one exception, and that is where he is charged with a a capital offense, and the proof of his guilt is evident or the presumption thereof is great. If the case comes within this exception, the granting of bail is not even discretionary, but the right of the person thereto is forbidden by the law.

If a person is in custody on a criminal charge for want of bail, such person is entitled to a writ of *habeas corpus* for the purpose of giving bail, upon averring that fact. The petitioner need not otherwise allege that he is illegally confined. It is so provided by law. See House Bill No. 1 (chapter 67), ''An act to establish a Penal Code,'' not yet officially published (Ariz. Pen. Code, sec. 1193).

What rule should govern magistrates and courts in the matter of allowing bail has been the subject of much judicial discussion and contrariety of opinion. The phrase, ''except for capital offenses when the proof is evident or the presumption great,'' is very difficult to define with such precision that it may serve as a guide in determining the facts of any particular case. We think, however that a very terse and satisfactory summary has been made by Mr. Bailey. He says: ''The judicial officer should hear such testimony as may be offered respecting the commission of the homicide, for the purpose of determining what crime has been committed, and the probable guilt of the accused, and if he is satisfied therefrom that the offense is one not capital he should admit him to bail. If the evidence is of such character and weight as to create a strong presumption of guilt, bail should be denied.'' 1 Bailey on Habeas Corpus, p. 471.

A defendant, by express provision of the law, is presumed to be innocent until the contrary is proved, and the presumption in his favor attends him at all stages of the prosecution. The law in its mercy so commands. The very theory of an accused person's right to bail is based largely on this presump-

tion, and that one charged with the commission of a public offense with but one exception should not be punished by imprisonment previous to his conviction in the mode prescribed by law—provided he is able to give reasonable security for his presence when required to answer.

Looking at all of the evidence offered and viewing it in the light of the presumption of innocence, and remembering that to grant bail is the rule and the refusal of it is the exception, Does such evidence place the case within the exception? Does it clearly impress the mind of the magistrate or court that the offense committed is murder in the first degree, and is there a strong presumption arising from a fair consideration of such evidence that the accused is guilty thereof? If all of the evidence offered when so considered makes it clear to the understanding and satisfactory to the judgment that the crime committed is murder in the first degree and the presumption is great that the accused is guilty thereof, the case then fulfills the requirements of the law in this respect, and bail must be denied, for the burden imposed upon the state to show that the case of the accused comes within the exception prohibiting the allowance of bail has been discharged, otherwise bail should be granted in such sum as under all the circumstances of the case may be just and reasonable.   See *In re Hammock,* 78 Ala. 414; *State* v. *Kauffman,* 20 S. D. 620, 108 N. W. 246; *Ex parte Newman,* 38 Tex. Cr. 164, 70 Am. St. Rep. 740, 41 S. W. 628; *Ex parte Wray,* 30 Miss. 673.

In announcing our conclusion in this case, we maintain the attitude of appellate courts, generally, in discussing neither the facts nor the law, lest it prejudice either the case of the prosecution or the rights of defendant on the final trial of the cause. The duty of passing upon the right of an accused person to bail must not be confounded with that of the trial court on the final trial of the accused, as the granting or the refusal of bail is governed by different considerations than those which confront the trial court, and must have no bearing or influence thereupon.

Sitting as a court of revision we are confined to an examination of the evidence contained in the record, and, in arriving at our determination, we have not been unmindful of that consideration which should be given the judgment of

an inferior officer who has had an opportunity to see the witnesses, hear them testify, and determine their credibility. When the record presents perplexities by reason of serious conflicts in the testimony, the judgment of such officer is at least very persuasive, and such record will be examined with regard for a presumption that the officer who had an opportunity that we have not is correct in his judgment.

We have carefully examined the evidence upon which the accused claims his right to be admitted to bail, and in our opinion, the case presented by the record does not come within the exception denying him the right. The order of the superior court is therefore reversed, with directions to admit the defendant to bail with sufficient sureties in such sum as may be reasonable and just in view of all the circumstances of the case.

Reversed and remanded.

ROSS, J., concurs.

CUNNINGHAM, J.—I concur in the rule adopted from 1 Bailey on Habeas Corpus, 471.

Upon a petition for a release on bail, the general rule is that the petitioner must bring himself within the law under which he claims the right to bail, and the rule obviously casts upon him the burden of proof in capital cases of showing that the proof is not evident and the presumption not great. *Ex parte Hammock,* 78 Ala. 414; *Ex parte Troia,* 64 Cal. 152, 28 Pac. 231; *Rigdon* v. *State,* 41 Fla. 308, 26 South. 711; *Brown* v. *State,* 147 Ind. 28, 46 N. E. 34; *Ex parte Finlen,* 20 Nev. 141, 18 Pac. 827; *Ex parte Springer,* 1 Utah, 214; *State* v. *Crocker,* 5 Wyo. 385, 40 Pac. 681; *Ex parte Nathan* (Fla.), 50 South. 38; *State* v. *Hedges,* 177 Ind. 589, 98 N. E. 417; *State* v. *District Court,* 35 Mont. 504, 90 Pac. 513; *State* v. *Kauffman,* 20 S. D. 620, 108 N. W. 246. The rule is simply one of procedure, and has no relation to the rule of the presumption of innocence, which must accompany the accused at every stage of the case. The matter of bail has reference to the question of procedure insuring the presence of the accused at the trial of the issues of guilt or innocence. The order of the committing magistrate is presumed correct until overcome, and the state may rest upon such presumption, thereby main-

taining the burden cast upon it until the accused has by the evidence overcome such presumption. The presumption of correctness following the order denying bail has no reference whatever to the guilt or innocence of the accused of the charge, and like the filing of an indictment or information, it, as they, does not add to the strength of the proof or the presumption to be drawn therefrom. Such order denying bail is no evidence of guilt at any stage of the case, and no inference of guilt can be drawn therefrom, but when it has been made by an officer authorized by law to make the same, it must be considered properly and regularly made by such authority until the contrary is made to appear, and the burden is upon one denying its correctness to show wherein it is incorrect. In so far as the majority opinion conflicts with these views, I dissent.

I am of opinion the accused has failed to overcome the presumption accompanying the order denying him bail; that the evidence respecting the commission of the homicide is insufficient in character and weight to overcome the presumption of the correctness of the order denying bail. I do not concur in the order admitting the appellant to bail.