## ON MOTION FOR RHEARING.

[No. 1835, September 8, 1915.]
[Rehearing Denied October 14, 1915.]
Ex parte Towndrow.

## SYLLABUS BY THE COURT.

1. Section 4440, Code 1915, does not make it compulsory for the judge of a court to grant bail to one who falls within the circumstances described herein, but vests in such judge a discretion.                    P. 633

2. An indictment charging murder in the first degree raises a presumption that the proof is evident and the presumption great of the guilt of the accused. The presumption is prima facie, not conclusive.

P. 634

Original application by John Henry Towndrow for a writ of habeas corpus. Writ dismissed.

JESSE G. NORTHCUTT of Trinidad, Colo., and MORROW & ALFORD of Raton, for relator.

GEORGE E. REMLEY of Cimarron and ORIE L. PHILLIPS of Raton, for respondent.

## OPINION OF THE COURT.

HANNA, J.—This is an original application by John Henry Towndrow for a writ of habeas corpus. On August 18, 1914, the relator was arrested and taken into custody by the sheriff of Colfax county, and thereafter was accorded a preliminary examination by the judge of the district court of said county, sitting as committing magistrate. Upon the conclusion of that examination relator was remanded to jail, but thereafter, on September 16, 1914, he was released under bond. He remained at large under bond until December 7, 1914, when he was again taken into custody under an alleged order of the court. On December 24, 1914, he was released from custody under bond by order of the Supreme Court (145 Pac. 257.) On January 6, 1915, he was again arrested and confined by virtue of a capias or warrant issued by the district court, which warrant or capias was based upon an indictment returned by the grand jury of Colfax county. On May 5, 1915, a second indictment was returned by the grand jury for the county of Colfax, charging relator with the crime of murder in the first degree. He was thereupon arrested and taken into custody by the sheriff by virtue of a warrant issued by the district court.

[1]    Section 4440, Code 1915, provides that:

The "judge of the court where any indictment
may be pending may, in his discretion, admit to
bail any person accused by indictment of a capi-
tal crime wherein the proof was evident or the
presumption so great that the party so accused
was not entitled to bail, after such person shall
have been confined in jail for two consecutive
terms of court without trial, subsequent to the
term at which the indictment may have been
presented."

This section was passed in 1899 and repealed section
3403, C. L. 1897. The last-mentioned section provided
that:

"If any person indicted for any offense and
committed to prison shall not be brought to trial
before the end of the second term of the court
which shall be held after the finding of such in-
dictment, he shall be entitled to his discharge,
unless the delay happened on his application."

The effect of section 4440, Code 1915, is to entirely re-
peal, without condition, section 3403, C. L. 1897, and to
enact what appears subsequent to the word "Provided."
The relator seeks his release, for one reason, on the ground
that section 4440, supra, was not intended to vest any dis-
cretion in the judge of a court to grant the release of one
confined under the circumstances therein outlined, but
is of mandatory effect, and the facts and circumstances of
this proceeding fall within the terms and spirit of that
section, and therefore relator must be released under bond.
It is argued that a judge of a court has power and author-
ity to grant bail to persons indicted for capital crimes, at
all times, even though the proof be evident and the pre-
sumption great, if the court is nevertheless convinced that
bail would procure the attendance of the party for trial.
Therefore counsel assumes that the law must bear his in-
terpretation, for otherwise the Legislature must be pre-
sumed to have accomplished nothing. The statute cannot
be construed so as to do violence to its plain terms, even

were we to assume that the Legislature authorized the judge of a court to do an act which he then and theretofore had power and authority to·do.

Section 4440 is not of a mandatory character, but entirely permissive. In the event that a person had been committed to jail after indictment, where the presumption was great and the proof evident of his guilt, and such person had been confined for two consecutive terms of court without trial, then the court was authorized to admit such person to bail, notwithstanding that the proof was still evident, or the presumption great, that the person was guilty of the crime charged. The evident design of the Legislature was to abolish what practically amounted to the acquittal of an accused person who had not been put on trial before the second term of court held after the finding of the indictment, and to relieve a certain class of persons accused of crime of continued confinement in jail when awaiting trial, provided the court saw fit to release the accused person. Evidently the Legislature assumed that under section 3404, when the event therein specified occurred, the accused was not only discharged from confinement, but also from further prosecution under the indictment then pending. While we recognize the rule that words only directory, permissive, or enabling, when used in public statutes, may have compulsory force when the thing to be done is for the public benefit or in the advancement of public justice, it has no application in the case at bar. To apply the rule in this case would be abortive of the clear declaration of the Legislature on the subject under consideration.

[2] There has been filed with this court a copy of the transcript of evidence taken in a certain habeas corpus proceeding before Merritt C. Mechem, judge pro tem. of the Eighth judicial district. Relator alleges that proof of his guilt is not evident, nor is the presumption great, and that no new or additional evidence has been discovered against him since the preliminary hearing, nor does it exist, and therefore he should be discharged. This allegation is denied by the respondent, sheriff of the county

of Colfax, and it is alleged by him in his return and answer that certain additional evidence against relator has been procured from additional witnesses appearing before the grand jury which returned the indictment against relator, which indictment is now pending. No evidence was submitted to the court concerning the guilt or innocence of the relator, except such as is found in the transcript hereinabove referred to. But since that evidence was taken there has been returned by the grand jury an indictment charging relator with murder in the first degree.

An indictment charging a capital offense raises a rebuttable presumption that the proof is evident and the presumption great of the guilt of the accused, and accused is not entitled to bail until that presumption is overcome. People v. Tinder, 19 Cal. 539, 543, 81 Am. Dec. 77; Ex parte Ruef, 7 Cal. App. 750, 96 Pac. 24; Hight v. U. S., Morris (Iowa) 407, 43 Am. Dec. 111; Ex parte Jones, 55 Ind. 176; Ex parte Kendall, 100 Ind. 599; Brown v. State, 147 Ind. 28, 29, 46 N. E. 34; State v. Hedges, 177 Ind. 589, 98 N. E. 417; Ex parte Dusenberry, 97 Mo. 504, 11 S. W. 217; State ex rel. Madison County, Court, 136 Mo. 323, 37 S. W. 1126; State v. Crocker, 5 Wyo. 385, 40 Pac. 681, 686; Ex parte Hammock and Elrod, 78 Ala. 414; Ex parte Nathan, 50 South. 38; Ex parte Tully (Fla.) 66 South. 296; Rigdon v. State, 41 Fla. 308, 26 South. 711; Ex parte Goans, 99 Mo. 193, 12 S. W. 635, 17 Am. St. Rep. 571, 573. There are a number of decisions holding the contrary of this view, among them being Ex parte Smith, 23 Tex. C. R. 100, 123, 5 S. W. 99; In re Losasso, 15 Colo. 163, 24 Pac. 1080, 10 L. R. A. 847; Ex parte White, 9 Ark. 222; In re Haigler, 15 Ariz. 150, 137 Pac. 423, where the statute especially denies the rule; State v. Kauffman, 20 S. D. 620, 108 N. W. 246, and others; but the weight of authority is harmonious with the rule to which we adhere. No evidence having been introduced by either party to this proceeding, which rebuts the presumption arising from the finding of the indictment, the point made by relator is without merit.

The relator claims to be so circumstanced that he falls within the provisions of section 4440, supra. He urges that two terms of court have elapsed since the December, 1914, term of the district court of Colfax county. His counsel ably argues that the term held in January was a special term, was so intended by the judge of the court, and that the records of the court disclose that fact. It is suggested that the term in fact was a special term, and that no power or authority exists for changing the record so as to read otherwise. It becomes unnecessary to discuss these several important questions, for the reason that we have assumed, without deciding, that relator was so circumstanced as to invoke the aid of section 4440, supra.

The writ is therefore dismissed; and it is so ordered.
ROBERTS, C. J., and PARKER, J., concur.