## Ex parte T. L. HATCHER.

No. A-4451.   Opinion Filed Dec. 27, 1922.
(211 Pac. 95.)

(Syllabus.)

**Bail—Evidence not Creating a Reasonable Doubt of Guilt of Murder— Denial of Bail.**—Upon an application for bail after commitment on a charge of murder, on the ground that the proof of guilt is not evident, nor the presumption thereof great, and where, upon

a consideration of all the evidence offered, the court is of the opinion that it is insufficient to create a reasonable doubt of petitioner's guilt, bail will be refused.

Habeas corpus by T. L. Hatcher, charged with murder, for admission to bail. Writ refused, and bail denied.

Keys & Rakestraw, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, P. J. In this proceeding T. L. Hatcher, by his attorneys, has presented to this court a petition alleging that he is unlawfully imprisoned in the county jail of Kiowa county by Charles Lee, sheriff of said county; that he is so held under a commitment issued by W. L. Hunter, justice of the peace in and for district 4 of said county, based upon a preliminary examination held by him upon a complaint wherein petitioner is charged with the murder of one B. Phillips in said county on the 19th day of August, 1922. Petitioner avers that he is not guilty of the crime of murder as charged, and that the proof of his guilt of the crime of murder is not evident nor the presumption thereof great. Attached to said petition is a transcript of the testimony taken upon the preliminary examination.

It appears that petitioner did not testify on the preliminary examination. On the return day of a rule to show cause entered and issued in the case on September 9, 1922, a hearing was had, and at that time it was ordered and adjudged that the writ be denied and bail refused.

Upon the hearing it was the contention on the part of counsel for petitioner that he was entitled to bail from the testimony taken upon his preliminary examination and upon his affidavit, for the reason that the proof is not evident nor the presumption great that he is guilty of murder as

charged in the complaint. Petitioner admits that he killed B. Phillips by shooting him with a pistol, and claims that he killed him in self-defense.

The settled rule of this court is that upon an application for bail by writ of habeas corpus, after commitment for a capital offense, by an examining magistrate, the burden is upon petitioner to show facts sufficient to entitle him to bail, when these facts do not appear from the evidence adduced on the part of the prosecution, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. Ex parte Butler, 15 Okla. Cr. 111, 175 Pac. 132; In re Bean, 17 Okla. Cr. 576, 190 Pac. 1091.

It would serve no useful purpose to review the testimony, and, in view of the trial before a jury, to do so would possibly be prejudicial to the petitioner. We deem it sufficient to say that we find therein no element of legal justification or excuse; and our conclusion is that the petitioner is not entitled to bail as a matter of legal right. We do not know what may be shown upon the final trial.

The writ is refused, and bail denied.

MATSON and BESSEY, JJ., concur.