## Ex parte HARRY ADAMS (two cases).
## Ex parte AMOS NORTH.

Nos. A-4956 to A-4958.  Opinion Filed May 2, 1924.

(225 Pac. 188.)

(Syllabus.)

1. **Bail—Burden on Petitioner in Habeas Corpus to Show Facts Entitling Him to Bail.** Upon an application for writ of habeas corpus to be let to bail after commitment for a capital offense by an examining magistrate, the burden is upon the petitioner to show facts sufficient to entitle him to bail, when those facts do not appear from the evidence adduced on the part of the prosecution.

2. **Bail—Evidence Insufficient to Create Reasonable Doubt of Petitioner's Guilt—Refusal of Bail.** A mere conflict of testimony, even upon a material issue, does not of itself entitle a prisoner held for murder to be admitted to bail; if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused.

3. **Disposition of Proceedings.** Upon these applications, evidence considered and bail denied.

Habeas corpus by Harry Adams and others to be let to bail.  Writs denied and bail refused.

Wash Hudson and John Ward, for petitioners.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., John Goldsberry, Co. Atty., and Ed. Crossland, for respondent.

DOYLE, J.  Harry Adams and Mrs. Harry Adams and Amos North filed in this court on December 15, 1922, their respective petitions wherein it is alleged that they are unlawfully imprisoned and restrained of their liberty in the county jail of Tulsa county by R. D. Sanford, sheriff of said county; that the cause of said restraint is that upon a preliminary hearing, held October 4, 1923, before Saul A. Yager, judge of the common pleas court of Tulsa county, presiding

as examining magistrate, upon a complaint jointly charging petitioners with the murder of Mrs. Thomas Stanfield, alleged to have been committed in said county on September 18, 1923, each petitioner was held to answer said charge to the district court of Tulsa county.

Petitioners each aver that they are not guilty of the crime of murder charged, and that upon the evidence introduced at said preliminary examination, together with the affidavits of certain other persons presented herewith, it is shown that the proof of guilt of the charge of murder is not evident, nor the presumption thereof great, and that therefore they are entitled to be let to bail.

It is also shown that November 20th, said petitioners applied to Albert C. Hunt, one of the judges of the district court of Tulsa county, for writs of habeas corpus to be admitted to bail, and upon a hearing had bail was denied. On the return day of the rules to show cause issued and entered herein, the cases were consolidated and orally argued. Upon the conclusion of the arguments the decision of the court was announced, the writs denied and bail refused.

By numerous decisions of this court it is held that the burden of proof, after commitment, is on the accused on an application for bail, where the charge is a capital offense, and the petitioner is required to show facts sufficient to entitle him to bail when those facts do not appear from the evidence offered on the part of the state on the preliminary examination, and if upon a consideration of all the evidence introduced on the application for bail, the court is of opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. In re Leggett, 12 Okla. Cr. 11, 150 Pac. 1121; Ex parte Looper, 12 Okla. Cr. 437, 158 Pac. 290.

It is also well settled that a mere conflict of the testimony, even upon a material issue, does not of itself entitle a prisoner held for murder to be admitted to bail. The evidence must be considered as a whole, and when so considered, unless a well founded doubt of the prisoner's guilt of murder is generated, bail will be denied.

Without entering into a discussion of the facts we deem t sufficient to say that in our opinion the petitioners are not entitled to bail as a matter of legal right.

It is therefore considered and adjudged that the writs be denied and bail refused.

MATSON, P. J., and BESSEY, J., concur.