Ex parte DAVE PLUMLEE.

No. A-5893. Opinion Filed Nov. 24, 1925.
(241 Pac. 201.)

Massingdale & Duff, for petitioner.

The Attorney General and J. G. Springer, Co. Atty., for respondent.

DOYLE, J.  In this proceeding Dave Plumlee, by his attorney, has presented to this court a petition alleging that he is illegally restrained of his liberty and imprisoned in the county jail of Washita county by John W. Miller, sheriff of said county; that he is so held under a commitment issued by G. B. Coker, justice of the peace in and for the city of Cordell, based upon a preliminary complaint wherein petitioner is charged with the murder of one William Quisenberry in said county on the 5th day of October, 1925.

It is averred that the petitioner is not guilty of the crime of murder as charged, and under the evidence introduced on his preliminary examination the proof of his guilt is not evident nor the presumption thereof great; that petitioner filed an application for bail before Hon. E. L. Mitchell, judge of the district court of Washita county, and that said district judge denied bail.  It appears that petitioner did not testify on the preliminary examination, or before the district court.

Upon the hearing it was the contention on the part of counsel for petitioner that he was entitled to bail from the testimony taken upon the preliminary examination and up-

on his affidavit. In his affidavit petitioner admits that he killed William Quisenberry by shooting him with a shotgun, and claims that he killed him in self-defense.

The settled rule of this court is that upon application for bail by writ of habeas corpus, after commitment for a capital offense, the burden is upon the petitioner to show facts sufficient to entitle him to bail, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. Under this rule, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, bail will be refused where, as in this case, the commission of the homicide having been admitted, the defendant does not take the witness stand on the preliminary examination and does not elect to testify in support of his application for bail. Ex parte Lacy, 20 Okla. Cr. 440, 203 P. 1050; Ex parte Hatcher, 22 Okla. Cr. 311, 211 P. 95; Ex parte Adams, 27 Okla. Cr. 123, 225 P. 188.

Upon a consideration of all the evidence presented in support of the application in this case we are of the opinion that the petitioner is not entitled as a matter of right to be admitted to bail. It is therefore considered and adjudged that the writ be denied and bail refused.

BESSEY, P. J., and EDWARDS, J., concur.