## Commonwealth v. Stahl.

(Decided February 13, 1931.)

J. W. CAMMACK, Attorney General, and F. B. MARTIN, Commonwealth's Attorney, for appellant.

M. C. ANDERSON and BUNK GARDNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Certifying the law.

Jim Stahl was indicted for murder by the grand jury of Ballard county. When the indictment was returned in open court, the circuit judge noted on it that no bail was allowed. A bench warrant was thereupon issued against Stahl, and he was arrested, and on the day of his arrest he appeared in court and entered a motion for bail. When the hearing came on, he entered a motion that the court adjudge that the burden of proof was on the commonwealth at the hearing. The court sustained his motion. The commonwealth's attorney then produced and offered in evidence the indictment, a certified copy of the transcript of evidence heard before the grand jury, and a certified transcript of the evidence heard on the examining trial, and moved that the case be submitted on that evidence. Stahl objected and the court sustained the objection. The commonwealth then proceeded to introduce its proof.

The commonwealth has appealed from the ruling of the court placing the burden on the motion for bail on the commonwealth and asks for a certification of the law. It appears that the question is a new one in this jurisdiction.

Section 16 of the Constitution of Kentucky, which is a part of the Bill of Rights, in so far as it is applicable to the point before us is as follows:

"All prisoners shall be bailable by sufficient securities, unless for capital offenses when the proof is evident or the presumption great." †

It is clear that this section of the Constitution means that all offenses, including capital offenses, are bailable with the exceptions noted, and these exceptions relate only to capital offenses. A prisoner charged with a capital offense is entitled to bail unles (1) the proof of his guilt is evident, or (2) the presumption of his guilt is great. The right to bail is a constitutional right guaranteed to every prisoner as defined in that section of the Constitution. When he claims his constitutional right, the question naturally arises as to whether the proof of his guilt is evident, or whether the presumption of his guilt is great. In our jurisdiction the presumption of innocence follows a person charged with crime until his conviction through the legal procedure provided for the trial of the case against him. The indictment does not furnish proof of his guilt that is evident, and, in fact, it furnishes no proof of his guilt upon which the circuit court may act in allowing or denying bail. Neither does the indictment create a presumption of guilt which is great. Upon whom rests the duty of showing the circuit judge by legal proof that the presumption of guilt is great, or that the proof is evident? Should the defendant in an indictment be required to introduce proof to establish that the proof of his guilt is not evident, or that the presumption of his guilt is not great? It may be that there has been no uniformity on this question in the circuit courts. Some of them may have placed the burden on the defendant when he entered a motion for bail, while others may have placed the burden on the commonwealth. Turning to the text-writers, we find that there is a lack of uniformity governing the burden of proof in the jurisdictions where the question has arisen. 6 C. J. 984. In the jurisdictions where it is held that the burden of proof is on the defendant, the indictment in a capital offense is regarded as making out a prima facie case of guilt against him. The maxim that every man is presumed innocent until he is found guilty does not apply to the question whether or not defendant is entitled to bail in the jurisdictions where it is held the burden of proof, on motions for bail, is on the defendant. Alabama follows that rule, as is shown in the case Ex parte Hammock, 78 Ala. 414; Indiana follows the same rule, as is shown in the case Ex parte Kendall, 100 Ind. 599; Florida also follows that rule, as is shown in the case Ex parte Nathan, 50 So. 38; Oklahoma follows the same rule, as is shown

in the case Ex parte Leggett, 12 Okl. Cr. 11, 150 P. 1121; Illinois follows the same rule, as is shown in the case Lynch v. People, 38 Ill. 494. It also appears that Iowa, Mississippi, Missouri, Nebraska, New York, and Utah follow the same rule. On the other hand, Texas follows the rule that the indictment necessitates no presumption that the proof is evident, or the presumption great, and that the burden is on the state to show these facts. It was so held in the case Ex parte Arthur (Tex. Cr. App.) 47 S. W. 365. Arizona also follows that rule, as shown by the opinion In re Higler, 15 Ariz. 150, 137 P. 423; South Dakota follows the same rule, as is shown by the opinion in State v. Kauffman, 20 S. D. 620, 108 N. W. 246; Montana follows the same rule, as is shown by the opinion in State v. Second judicial District Court, 35 Mont. 504, 90 P. 513. There are other jurisdictions applying the rule that the burden is on the commonwealth in a greater or lesser degree.

3 R. C. L. pp. 13 and 14 contains pertinent pronouncements of law governing the question before us. It is there pointed out that in many of the jurisdictions the rule has been adopted that the indictment for a capital offense creates a presumption that is great, or proof that is evident, of the guilt of the accused. But it is also pointed out that the rule has not been followed in other jurisdictions for the reason that the proceedings of a grand jury are inviolably secret and wholly ex parte; that evidence for the state alone is received before the grand jury; that the accused is not present and in many instances is ignorant of the fact that charges against him are being considered; that he cannot be represented by counsel; and that officers of the state employed to prosecute exercise a large influence in the selection of witnesses to testify and give the only legal advice that the grand jury receives.

We deem it the correct practice in this jurisdiction to place the burden on a motion for bail in a capital offense on the commonwealth. The presumption of innocence goes with the defendant at all times, and for all purposes after he is charged the same as before.

If it should be argued that this rule will compel the commonwealth to disclose its evidence while the defendant may decline to introduce the evidence upon which he bases his defense, the answer is that under the practice where the burden is placed on the defendant usually the

commonwealth is compelled to introduce its proof to overcome the evidence offered by the defendant. Generally there is one chief prosecuting witness in every case and his evidence alone may be sufficient to show that the proof of guilt is evident or that the presumption of guilt is great. The commonwealth should only be required to introduce such proof as shows a state of facts making the proof evident or the presumption great, and this may be done without going greatly into detail. If it is suggested that upon the return of an indictment charging a capital offense the court may not note on the indictment that bail is disallowed, the answer is that the court may do so because the defendant has not appeared and claimed his constitutional right. When an indictment is returned by the grand jury into open court charging a capital offense, the circuit court may, or may not, deny bail in his discretion, and that method of procedure we do not mean to disturb. But when the defendant appears and moves for bail he is entitled to have his motion sustained, unless the commonwealth produces proof showing that the proof of guilt is evident, or the presumption of guilt is great.

The law is accordingly certified.

Whole court sitting.